# Newell *v.* The State.

### *Manslaughter.*

(Decided June 19, 1913.   62 South. 968.)

1. *Indictment and Information; Abatement; Grand Jurors.*—A plea of abatement to an indictment on the ground that the judge of the county court who drew the grand jury was not notified by the clerk as required by section 15, Acts 1909, p. 310, that the presiding judge had failed to draw the jurors cannot be sustained in view of section 23 of the same act.

2. *Criminal Law; Solicitor; Appointment of Substitute.*—The authority of the court to appoint an attorney to act for the solicitor in his absence does not depend upon the excuse of the solicitor for absenting himself, or upon his having any excuse at all.   (Sec. 7787, Code 1907.)

APPEAL from Geneva Circuit Court.

Heard before HON. H. A. PEARCE.

Buddie Newell was convicted of manslaughter and he appeals.  Affirmed.

J. F. JOHNSON, for appellant.  Section 15, Acts 1909, requires the clerk to notify the county judge in writing of the failure of the circuit judge to draw the jury, and the failure to do so where written notice is required is fatal.—29 Cyc. 1117; 1 N. Y. App. Div. 586; 14 Wend. 539; 3 Johns. 107; 53 Barb. 407.  No excuse is shown for the absence of the solicitor, and hence, the court was without authority to appoint an attorney to act in his stead.—Sec. 7782, Code 1907; *State v. Williams,* 48 Ark. 227; *Opie v. Clancey,* 27 R. I. 42.  Counsel discuss other

assignments of error, but without further citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

WALKER, P. J.—The defendant by plea in abatement set up, as an objection to the indictment, that the grand jury which preferred it was drawn by Hon. John A. Campbell, judge of the Geneva county court, without his having been notified in writing by the clerk of the court that the presiding judge of the court had failed to draw the jurors, as directed by the statute. Section 15 of the present jury law (Acts Special Session 1909, pp. 305, 310, 311), after making provisions for the drawing of juries by the presiding judge of the court, provides as follows: "If for any reason the judge of the court fails to draw the juries as required in this section before the twenty days above mentioned the clerk of such court shall notify the judge of any court of record, except probate judge, residing nearest to the place of holding the court, and it shall be his duty upon receiving such notification to immediately draw the juries for the next term of the court in the manner herein provided." It is to be observed that this provision does not confer upon the clerk any power or authority to select or designate the officer by whom the juries shall be drawn in the event of the failure of the presiding judge of the court to draw them as directed by the statute. The law itself designates "the judge of any court of record, except probate judge, residing nearest to the place of holding the court," as the officer who is to perform that function in such an event. So far as the clerk is given any part in the matter, he is simply required to notify that officer of the failure of the presiding judge of the

[Newell v. The State.]

court to draw the juries. Section 23 of the same statute provides that "no objection can be taken to an indictment by plea in abatement except upon the ground that the grand jurors who found the indictment were not drawn by the officer designated by the law to draw the same." Under this provision such an irregularity as the failure of such officer to receive a notice for which the statute provides is not permitted to be made the basis of a plea in abatement to the indictment. The plea in abatement in this case was subject to the demurrer pointing out its failure to aver or show that the grand jurors who found the indictment were not drawn by the officer designated by law to draw the same, and that demurrer was properly sustained. The plea in abatement did not show .the existence of the fact which was the requisite of its sufficiency.

There is nothing in the terms of the statute (Code, § 7787) authorizing the presiding judge to appoint a competent attorney to act in the solicitor's place, "when the solicitor is absent," to indicate that the power or authority of the court in that event is at all dependent upon the sufficiency of the solicitor's excuse for being absent, or upon his having any excuse at all for absenting himself. We are of opinion that the plain purpose of this provision is to enable the solicitor's place to be filled, and the business of the court to be proceeded with, in such an event, without regard to the reason, or the absence of reason, for his failure to attend. The defendant's fifth plea in abatement was subject to demurrer because of its failure to show absence of authority in the court to appoint, to act in the solicitor's place, the person who was doing so at the time the indictment was found. The court did not err in sustaining the demurrer to that plea.

[Ward v. The State.]

The motion of the Attorney General to strike the bill of exceptions in this case must be granted. It was not presented within 90 days from the day on which the judgment was entered.—Code, § 3019.

What has been said disposes of the only questions presented for review.

Affirmed.